UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **CINDY S. LAWSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CAUSE NO.  1:07-CV-236 |
| | ) | |
| **INDIANA HEALTH AND REHABILITATION** | ) | |
| **CENTERS OF INDIANA, d/b/a CANTERBURY** | ) | |
| **NURSING AND REHABILITATION CENTER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

### I.  INTRODUCTION

On February 6, 2008, *pro se* Plaintiff Cindy S. Lawson filed her second motion (Docket # 35) asking that the Court appoint her counsel in this case in which she advances claims of race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.*, and claims of age discrimination and retaliation under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623 (ADEA), against her former employer, Indiana Health and Rehabilitation Centers of Indiana.  The Court denied Lawson's first motion for the appointment of counsel at a hearing held on October 15, 2007. (Docket # 14.) The basis for Lawson's second motion is somewhat cryptic; in sum, Lawson says that she now needs an attorney because she is "getting into areas of this procedure that she does not understand . . . [.]"[1] (Pl. Pro Se's Second Req. for a Mot. for Appointment of Counsel 1.)

---

[1] The Court will address the present motion even though Lawson did not sign it and thus violated Federal Rule of Civil Procedure 11(a), which states that an unsigned filing "shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party."

## II.  BACKGROUND

Lawson filed her own *pro se* Complaint on August 14, 2007, and since then has been prosecuting the case on her own behalf. (Docket # 1.)  In that regard, she participated in a Rule 16 scheduling conference, at which she articulated her claims under both the ADEA and Title VII. (Docket # 14.)  In addition, she has initiated extensive discovery by submitting detailed interrogatories to Defendant (Docket # 27), as well as a broad Request for the Production of Documents (Docket # 28); similar requests have gone out to various non-parties (Docket # 29-33).  Lawson has also responded to the detailed discovery coming from Defendant. (Docket # 38.)

## III.  DISCUSSION

At the outset, it should be remembered that Lawson does not have a right to court-appointed counsel. *See Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995).  Rather, the standards under Title VII, 42 U.S.C. § 2000e-5(f)(1), and the ADEA are identical; district courts are empowered to appoint an attorney to represent a plaintiff without charge "in such circumstances as the court may deem just." *See Jones v. WFYR Radio/RKO Gen.*, 626 F.2d 576, 577 (7th Cir. 1980), *overruled on other grounds by Randle v. Victor Welding Supply Co.*, 664 F.2d 1064 (7th Cir. 1981).

The Seventh Circuit has enumerated three factors to be weighed by the district court when determining whether appointment of counsel is warranted: (1) the merits of the plaintiff's claims; (2) the plaintiff's own efforts to secure legal representation; and (3) the plaintiff's financial ability to retain private counsel. *See Darden v. Ill. Bell Tel. Co.*, 797 F.2d 497, 500-501 (7th Cir. 1986) (quoting *Jones*, 626 F.2d at 577).  Although any one of these factors may be determinative, the court should consider all three factors to make a complete record. *Id*.

At present, it is difficult to assess the merits of Lawson's claims.  We do know, however, that at least four well-known employment counsel have chosen to pass up the opportunity to represent her. (*See* Questionnaire for Appointment of Counsel 2.)  This circumstance speaks rather directly to the merits of her case and raises a fair inference that these attorneys did not view her case as meritorious.  Of course, the merits of Lawson's case will soon be addressed via an anticipated motion for summary judgment, the current deadline being set for May 15, 2008.[2] (*See* Docket # 14.)

Perhaps equally important is the fact that Lawson seems fully capable of litigating these claims herself.  After all, the case appears straightforward at least as far as Title VII and ADEA cases go, and certainly she is fully capable of conducting what remains of discovery and responding to any motion for summary judgment.  Although we do not know what areas of procedure she claims are a mystery to her, it is apparent that she has adequate knowledge of the legal process as demonstrated by her filings to date, and she certainly has personal knowledge of the factual basis for her claims as detailed in her Complaint.

In short, Lawson appears to be competent to represent herself in this suit, and it does not appear that appointing counsel will make a difference in the outcome. *See Zarnes*, 64 F.3d at 299.  Consequently, her motion will be DENIED.

## IV.  CONCLUSION

Based on the foregoing, Plaintiff's second motion for appointment of counsel (Docket # 35) is DENIED.  If, however, the case proceeds to trial because the anticipated motion for

---

[2] We do not have any information concerning Lawson's recent efforts to secure counsel, although they appear to be centered only on obtaining "free legal advice." (*See* Docket # 35.)  At last report, Lawson was employed, earning $2,332.80 per month, and owned her own home. (*See* Questionnaire for Appointment of Counsel 1.)  Therefore, if what Lawson seeks is some guidance concerning discrete legal issues (*i.e.*, legal procedure), that can be accomplished through limited consultation with an attorney on an hourly basis.

summary judgment is denied, then Plaintiff can renew her motion.  In the meantime, Plaintiff can continue in her efforts to secure her own counsel.

    SO ORDERED.

    Enter for February 7, 2008.

                                              S/Roger B. Cosbey
                                              Roger B. Cosbey,
                                              United States Magistrate Judge