**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **CINDY S. LAWSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO.  1:07-CV-236** |
| | ) | |
| **EXTENDICARE HEALTH SERVICES, INC.,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER DENYING APPROVAL
OF STIPULATED PROTECTIVE ORDER**

Before the Court is a stipulation by the parties seeking approval of a proposed protective

order.  As the proposed order contains a major defect, it will be DENIED.

To explain, the order contains an expansive definition of confidential information that is

impermissibly broad.  Specifically, subsection 3 of the definition of "confidential" in the

proposed order seeks to protect "propriety, commercially valuable and/or competitive sensitive

information concerning the defendant produced or otherwise conveyed during this litigation to

the plaintiff." (Agreed Protective Order ¶ 1.)

Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for

good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d

943, 946 (7th Cir. 1999).  In that vein, under *Cincinnati Insurance*, a protective order must only

extend to "properly demarcated categor[ies] of legitimately confidential information." *Id*.; *see*

*also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D.

Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected

information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244,

248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998).  Here, the

Court is not satisfied that the parties know what information constitutes protected confidential

information due to the overly inclusive language in subsection 3 of the order's definition of

"confidential." *See Cincinnati Insurance*, 178 F.3d at 946.  In fact, if the Court were to approve

this order, the parties would essentially be left with a "virtual carte blanche . . . to seal whatever

portions of the record the party wanted to seal," as the proposed order is not limited to the

discovery phase of the proceedings. *Id*. at 944.  The Seventh Circuit Court of Appeals has

repeatedly held that overly broad protective orders are invalid. *See, e.g., id.* at 945 (noting that a

broad protective order granting carte blanche discretion to a party is invalid).

Furthermore, the proposed order provides an inadequate basis for finding good cause

because it fails to specify why the documents referred to in subsection 3 of the proposed order

are confidential.  "[M]erely asserting that a disclosure of the information 'could' harm a

litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*,

IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. March 28, 2003) (citing *Baxter Int'l, Inc.

v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)).

In addition, it is unclear whether the proposed order allows documents that merely

"include" protected information to be filed under seal (*see* Agreed Protective Order ¶ 5), rather

than incorporating a method of redaction. *See Cincinnati Insurance*, 178 F.3d. at 945 (stating

that an order sealing documents containing confidential information is overly broad because a

document containing confidential information may also contain material that is not confidential,

in which case a party's interest in maintaining the confidential information would be adequately

2

protected by redacting only portions of the document); *see generally Alexander Hous. LLC v. Int'l Bhd. of Elec. Workers*, No. 04 C 1650, 2004 WL 1718654, at \*2 (N.D. Ill. July 29, 2004) ("[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding.").

"Obtaining a protective order in an appropriate case need not be a[n] onerous task.  But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at \*2.  Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate.

For these reasons, the Court hereby DENIES approval of the stipulated protective order submitted by the parties.

SO ORDERED.

Enter for this 19th day of June, 2008.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge